UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: AMALIO CARDOZA and
GLORIA INES CARDOZA,

    Debtor.

Case No. 18-12654-j7

---

ADRIANNE ANAYA,

    Plaintiff,

v.

AMALIO J. CARDOZA and
GLORIA INEZ CARDOZA,

    Defendants.

Adversary No. 19-1002 J

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

    THIS MATTER is before the Court on the Defendants' Motion to Dismiss or for More Definite Statement ("Motion"). *See* Docket No. 4. Defendants Amalio J. Cardoza and Gloria Inez Cardoza request the Court to dismiss the Complaint to Determine Dischargeability of Debts ("Complaint" – Docket No. 1) for failure to state a claim under Fed.R.Civ.P. 12(b)(6).[1] Alternatively, Defendants request the Court pursuant to Fed.R.Civ.P. 12(e) to require Plaintiff Adrianne Anaya to provide a more definite statement to support her non-dischargeability claim under 11 U.S.C. § 523(a)(6).[2] Having considered the Complaint, the Motion and the response, and being otherwise sufficiently informed, the Court concludes that the Complaint is sufficient to state a claim for non-dischargeability of debt under § 523(a)(6) and does not require a more definite statement. The Court will, therefore, deny the Motion.

---

[1] Bankruptcy Rule 7012 makes Fed. R. Civ. P. 12(b) – (i) applicable to adversary proceedings.
[2] All future statutory references are to Title 11 of the United States Code.

DISCUSSION

A. Dismissal under Rule 12(b)(6)

Defendants seek dismissal of this adversary proceeding for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6), made applicable to adversary proceedings by Fed. R. Bankr. P. 7012. The purpose of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (citation omitted). If the Court considers evidentiary material outside the complaint, the Court must treat the motion as a motion for summary judgment under Rule 56. *See* Fed.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").[3]

To withstand a defendant's motion to dismiss under Rule 12(b)(6), the complaint must contain enough facts to state a cause of action that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs must "nudge[ ] their claims across the line from conceivable to plausible." *Id.* A claim is facially plausible if the factual content in the Complaint is sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). *See also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1276 (10th Cir. 2009) (The plausibility requirement ensures that claims not only have a reasonable prospect of success, but also that the factual allegations sufficiently inform the defendants of the actual grounds of the claim against them) (citation omitted). When considering a request for dismissal for failure to state a claim upon which relief can be granted, the Court accepts as true all well pleaded facts alleged in the

---

[3] Plaintiff's response to the Motion to Dismiss attaches several exhibits that were not included in the Complaint. *See* Docket No. 5. The Court did not consider the additional attachments in denying the Motion to Dismiss.

Complaint, disregarding any legal conclusions,[4] and evaluates those facts in the light most favorable to the plaintiffs. *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1172 (10th Cir. 2012). With these standards in mind, the Court will consider the Motion to Dismiss.

The debt at issue in this adversary proceeding arises from an alleged dog attack. The Complaint includes the following factual allegations:

1. Defendants filed a voluntary petition under the bankruptcy code on October 26, 2018.

2. After notice and an administrative hearing, the City of Albuquerque determined in the fall of 2016 that Defendants' dog was a dangerous dog pursuant to Albuquerque City Code, § 9-17-5 and determined that the Defendants were irresponsible owners pursuant to Albuquerque City Code, § 9-17-6 ("Dangerous Dog and Irresponsible Owner Determination").

3. A few months after the Dangerous Dog and Irresponsible Owner Determination, Plaintiff was attacked by Defendants' dog on or about January 1, 2017 at or near 2714 Altos Way SW in Albuquerque, New Mexico.

4. Defendants failed to confine their dangerous dog to the property by a secure fence or facility, failed to keep adequate control of their dog by a leash or other means, and failed to secure an insurance policy for any injury their dog caused in flagrant violation of Albuquerque City Code.

5. Plaintiff was injured by the dog attack which required medical care.

6. Plaintiff suffered damages including, but not limited to, medical bills, pain and suffering, and los of enjoyment of life.

---

[4] *Iqbal* , 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

-3-

Case 19-01002-j    Doc 7    Filed 05/03/19    Entered 05/03/19 10:08:56 Page 3 of 10

7. Defendants' actions were malicious, willful and showed an utter indifference to and conscious disregard for Plaintiff's health and safety.

8. Plaintiff filed suit against the Defendants in the Second Judicial District Court, Case No. D-202-CV-2018-03486, and obtained a judgment against the Defendants on July 3, 2018 in the amount of $25,691.08.

*See* Complaint, ¶¶ 2, 3, 5, 6, 7, 8, and 9.

Plaintiff contends that the debt at issue is non-dischargeable under § 523(a)(6). Under that section, a debt "for willful and malicious injury by the debtor to another entity[5] or to the property of another entity" is not dischargeable. 11 U.S.C. § 523(a)(6). To sustain a claim for non-dischargeability of debt under § 523(a)(6), the Plaintiff must demonstrate, by a preponderance of the evidence,[6] that the alleged injury is both willful *and* malicious. *See Panalis v. Moore (In re Moore),* 357 F.3d 1125, 1129 (10th Cir. 2004) ("Without proof of *both* [willful and malicious elements under 523(a)(6)], an objection to discharge under that section must fail."); *Mitsubishi Motors Credit of America, Inc. v. Longley (In re Longley)*, 235 B.R. 651, 655 (B.A.P. 10th Cir. 1999) ("In the Tenth Circuit, the phrase 'willful and malicious injury' has been interpreted as requiring proof of two distinct elements—that the injury was both 'willful' and 'malicious.'"); *Shirley v. Lopez (In re Lopez)*, 566 B.R. 255, 259 (Bankr. D.N.M. 2017) ("Section 523(a)(6) requires proof of both a 'willful act' and 'malicious injury.'") (citing *In re Moore*, 357 F.3d at 1129).

Plaintiff's allegation that Defendants' actions were malicious and willful is a formulaic recitation of the legal elements and, on its own, is insufficient to state a claim. *See Iqbal*, 556

---

[5] "Entity" is defined to include a "person." 11 U.S.C. § 523(a)(6).
[6] *See Grogan v. Garner*, 498 U.S. 279 (1991) (establishing the preponderance of the evidence standard of proof for non-dischargeability claims).

U.S. at 678 (a pleading that contains only 'labels and conclusions,' a 'formulaic recitation of the elements of a cause of action,' or 'naked assertions' devoid of 'further factual enhancement' is withstand a motion to dismiss). Plaintiff's Complaint includes additional facts that enhance the allegation of willful and malicious injury. Plaintiff alleges that after notice and a hearing, the City of Albuquerque issued a Dangerous Dog and Irresponsible Owner Determination, that after the Dangerous Dog and Irresponsible Owner Determination, Defendants failed to confine their dangerous dog to their property with a secure fence, failed to keep adequate control of the dog with a leash, and failed to maintain adequate insurance in violation of the Albuquerque City Code. Plaintiff also alleges that Defendants' dog attacked her after the issuance of the Dangerous Dog and Irresponsible Owner Determination, and that she suffered injuries as a result of the attack.

Whether these additional factual allegations are sufficient to state a cause of action that is plausible on its face depends on the meaning of "willful" and "malicious" under § 523(a)(6). The "willful" component of § 523(a)(6) requires both an intentional act and an intended injury; an intentional act that leads to an unintended injury is insufficient. *See Kawaauhau v. Geiger,* 523 U.S. 57, 61 (1998) (willfulness under § 523(a)(6) requires "a deliberate and intentional *injury,* not merely a deliberate or intentional *act* that leads to injury."). A debtor acts with the requisite intent to cause injury when he or she either "desire[s] . . . to cause the consequences of his [or her] act or . . . believe[s] that the consequences are substantially certain to result from it." *Moore,* 357 F.3d at 1129 (quoting *Longley,* 235 B.R. at 657). The "malicious" component of § 523(a)(6) requires a showing that the debtor committed an intentional, wrongful act, without justification or excuse. *See Lopez,* 566 B.R. at 260 ("For a debtor's actions to be malicious, they have to be

-5-

Case 19-01002-j    Doc 7    Filed 05/03/19    Entered 05/03/19 10:08:56 Page 5 of 10

intentional, wrongful, and done without justification or excuse.") (citations omitted). [7] Neither negligence nor reckless indifference to the consequences of an intentional act are sufficient to satisfy the intent requirements for non-dischargeability under § 523(a)(6). *See Geiger,* 523 U.S. at 64 ("[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)."); *Tso v. Nevarez (In re Nevarez)*, 415 B.R. 540, 546 (Bankr. D.N.M. 2009) ("Non-dischargebililty under 11 U.S.C. § 523(a)(6) was not intended to cover reckless or negligent behavior.") (citing *Geiger,* 523 U.S. at 64).

Defendants assert that Plaintiff's factual allegations, if taken as true, only amount to negligence, which is insufficient to support a non-dischargeable claim under § 523(a)(6). Defendants rely, in part, on *Kelt v. Quezada (In re Quezada)*, 718 F.2d 121 (5th Cir. 1983), another non-dischargeability action involving an allegedly dangerous dog. In that case, the debtors, who lived in a crowded neighborhood, owned a vicious pit bulldog which they knew had previously bitten a child. *Quezada*, 718 F.2d at 121-22. The debtors maintained the dog within a fenced area. *Id.* at 122. When one debtor-spouse opened the gate to allow the other debtor-spouse to bring his truck into the yard, the dog escaped and attacked a four-year old child without provocation. *Id.* Plaintiff obtained a state court judgment against the debtors based on the injury suffered from the dog attack. *Id.*

The Fifth Circuit affirmed the bankruptcy court's determination that the debt at issue was dischargeable, concluding that the debtors' intentional harboring of a vicious dog within their fence coupled with their negligence in permitting the dog to escape was not conduct "designed to

---

[7] *See also Bombardier Capital, Inc. v. Tinkler (In re Tinkler)*, 311 B.R. 869, 880 (Bankr. D. Colo. 2004 ) ("[T]he malicious prong of 11 U.S.C. § 523(a)(6) is satisfied upon a showing [that] the injury was inflicted *without justification or excuse.*") (citations omitted).

cause deliberate or intentional injury" within the meaning of § 523(a)(6). *Quezada* , 718 F.2d at 123.

In response, Plaintiff directed the Court to *Zauper v. Lababit (In re Lababit)*, Adv. No. 07-01227, 2009 WL 7751426 (B.A.P. 9th Cir. 2009). In *Lababit*, the debtors owned a dog that had been declared a "Potentially Dangerous Animal." *Id.* at *1. The dog killed the plaintiff's cat. *Id.* The debtors had trained the dog to fight; knew the dog had a propensity for aggression and had killed at least one other cat; repeatedly failed to confine, muzzle, or leash the dog; and failed to post any warning notices on their property. *Id.* at *5. The Ninth Circuit Bankruptcy Appellate Panel affirmed the bankruptcy court's determination that the debt arising from the dog attack was non-dischargeable under § 523(a)(6). *Id.* at *6. Because the debtors were aware of their dog's prior history, they also knew that injury to the neighbor's cat was substantially certain to result if they failed to perform their duties to confine and control the dog, satisfying the willfulness requirement of § 523(a)(6). *Id.* at *5. And because the debtors repeatedly failed to fulfill their duties, which resulted in the death of their neighbor's cat without justification or excuse, the malicious requirement of § 523(a)(6) was also satisfied. *Id.*

These two cases demonstrate that the willful and malicious components of a § 523(a)(6) claim arising from a dog attack are fact intensive and require the trial court to weigh the particular circumstances of the case. Given the fact intensive nature of the inquiry, the Court is not inclined to determine as a matter of law that a dog attack can never satisfy the requirements a non-dischargeability claim under § 523(a)(6).

The facts alleged in the Complaint are sufficient to state a plausible non-dischargeability claim under § 523(a)(6). Plaintiff has alleged that a Dangerous Dog and Irresponsible Owner Determination was made after notice and a hearing and that after that determination, Defendants

failed to confine their dogs with a secure fence and failed to adequately control their dogs. Plaintiff alleged further that a few months after the Dangerous Dog and Irresponsible Owner Determination, Defendants dogs attacked Plaintiff causing injury that required medical care From those facts, the Court plausibly can infer that Defendants 1) knew that they owned a dangerous dog with a propensity to harm others, 2) knew it was substantially certain that their dog would cause injury if they failed to properly confine and control the dog, and 3) had no justification or excuse for failing to confine and control the dog. Even so, whether Plaintiff will ultimately satisfy her burden of proving that the debt is non-dischargeable will require the development of significant additional facts, such as evidence of the dog's prior history and how the dog escaped. *Cf. Jones v. Holmes (In re Holmes)*, No. 11-03101-TOM-7, 2012 WL 2359909, at *4 (Bankr. N.D. Ala. June 12, 2012) (observing that few circuit courts have considered the issue of whether a debt for injuries caused by a debtor's dog is non-dischargeable under § 523(a)(6), "but the ones that have done so have by and large concluded that the debt is dischargeable.").

Defendants also raise the following arguments: 1) vicarious or imputed liability cannot support a non-dischargeability claim for willful and malicious injury; and 2) alleged statutory violations may be sufficient to establish negligence, but cannot establish willful and malicious injury for purposes of § 523(a)(6). Neither argument warrants dismissal. Defendants did not explain why vicarious or imputed liability is implicated by the facts in the Complaint – are the Defendants arguing that Plaintiffs' non-dischargeability claim under § 523(a)(6) requires imputation of the dogs' vicious act to their owners? As for the statutory violations, while the Court agrees that the violation of a statute that lacks an intent requirement will not satisfy the willful and malicious elements of § 523(a)(6), as explained above, the factual allegations in the

-8-

Case 19-01002-j    Doc 7    Filed 05/03/19    Entered 05/03/19 10:08:56 Page 8 of 10

Complaint are sufficient to plausibly infer that the Defendants believed that the consequences of failing to confine their previously adjudicated dangerous dogs were substantially certain to cause injury, and that Defendants' actions were taken without justification or excuse.

B. More Definite Statement Under Rule 12(e)

Pursuant to Fed.R.Civ.P. 12(e), made applicable to adversary proceedings by Fed. R. Bankr. P. 7012,

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Fed.R.Civ.P. 12(e).

The purpose of a Rule 12(e) motion is to ensure that the responding party has sufficient notice of the claims and the basis for such claims so that it can prepare an adequate responsive pleading. *See Rajala v. Husch Blackwell, LLP (In re Generation Res. Holding Co. LLC),* No. 08-20957-7, 2018 WL 4028777, at *5 (Bankr. D. Kan. Aug. 20, 2018) (citing *State Bank & Tr. Co. v. Spaeth (In re Motorwerks, Inc.),* 371 B.R. 281, 292 (Bankr. S.D. Ohio 2007)).

"The federal courts disfavor motions for a more definite statement in light of the liberal discovery provided under the federal rules, and grant such motions only when the complaint is so vague or ambiguous that a defendant cannot reasonably determine the issues requiring a response." *Martinez v. Naranjo*, 328 F.R.D. 581, 593 (D.N.M. 2018) (citations omitted). Moreover, a motion for a more definite statement should not be used to "correct inaccurate assertions, add precision, or flesh out a lack of detail." *Id.* (citations omitted). *See also Generation Res.,* at *5 ("'A motion for a more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied

is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission.'") (quoting *In re Spencer,* No. 12-20854, 2014 WL 2696715, at *1 (Bankr. D. Kan. June 11, 2014)).

Here, the Complaint sufficiently put the Defendants on notice of the underlying facts that form the basis of the Plaintiff's non-dischargeability claim. The factual allegations identify the date of the dog attack, the prior determination that Defendants' dog is dangerous and that Defendants are irresponsible owners, the nature of the injuries Plaintiff allegedly suffered, and the judgment Plaintiff obtained in state court based on the incident. Additional facts that may be necessary to sustain or defeat Plaintiff's non-dischargeability claim can and should be developed through discovery, and may, ultimately be presented at trial. But the Complaint is not so vague or ambiguous that Defendants cannot reasonably formulate an answer.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Dismiss is DENIED.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: May 3, 2019

COPY TO:

Richard Rudy Marquez
Attorney for Plaintiff
1121 4th St. NW, Suite 1-A
Albuquerque, NM 87102

Michael K. Daniels
Attorney for Defendants
PO Box 1640
Albuquerque, NM 87103-1640